IN THE UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

ELECTRONICALLY FILED
Aug 03 2017
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| JAMES WILLIAMS and DANIEL NESSIM, On Behalf of Themselves and All Others,<br>Plaintiffs<br><br>vs.<br><br>SOC LLC, d/b/a "SOC WEST VIRGINIA LLC" and "DAY AND ZIMMERMANN FEDERAL SERVICES,"<br>Defendant | Civil Action No. 3:17-cv-92 (Groh)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Plaintiffs James Williams and Daniel Nessim ("Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from Defendant SOC LLC, d/b/a "SOC West Virginia LLC" and "Day and Zimmermann Federal Services" ("Defendant").

2. Plaintiffs, and others like them, were required to work in excess of forty (40) hours in a workweek as Explosive Detection Canine Instructors. Plaintiffs' positions are non-exempt, yet Defendant misclassified Plaintiffs as exempt employees and neglected to pay them for overtime hours worked.

3. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C § 207(a).

4. Plaintiffs bring this collective action to recover unpaid wages and other damages due to them.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

6. Venue is proper in Martinsburg, West Virginia because all, or a substantial part, of the acts and conduct charged herein occurred in this district.

## III. PARTIES

7. Plaintiff Shawn Williams is an individual residing in Tennessee and was at all relevant times employed by Defendant as an Explosive Detection Canine Instructor in Martinsburg, West Virginia.

8. Plaintiff Daniel Nessim is an individual residing in Florida and was at all relevant times employed by Defendant as an Explosive Detection Canine Instructor in Martinsburg, West Virginia.

9. Defendant SOC LLC dba "SOC West Virginia LLC" and "Day Zimmerman Federal Services" is a Delaware corporation with its principal place of business at 15002 Northridge Drive, Ste. 100, Chantilly, VA 20151. Defendant is a covered under the FLSA as an enterprise engaged in interstate commerce and with an annual gross volume of business done exceeding $500,000. 29 U.S.C. 203(s). Defendant can be served with process through its registered agent, CT Corporation System located at 5400 D Big Tyler Road Charleston, West Virginia 25313.

10. Defendant SOC LLC is the joint employer of both Plaintiffs.

11. Plaintiffs bring this action on behalf of themselves and all others similarly situated dog trainers who were classified as exempt and paid only on a salary basis. The class of similarly situated dog trainers or potential class members sought to be certified is defined as follows:

> ALL CURRENT AND FORMER DOG TRAINERS EMPLOYED BY SOC OR DAY AND ZIMMERMAN, WHO:
> (1) WERE CLASSIFIED AS EXEMPT, AND
> (2) WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK DURING THE LAST THREE (3) YEARS.

### IV. COVERAGE UNDER THE FLSA

12. At all times hereinafter, SOC LLC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

13. At all times hereinafter, SOC LLC has been part of an enterprise within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(r).

14. The FLSA applies to Defendant under enterprise coverage because they, individually, meet the minimum requirements of grossing at least $500,000 annually, as well as engaging in interstate commerce. Among other interstate action, the dogs that are trained by Plaintiffs and owned by Defendants are purchased through breeders in Houston, Texas and they are transported to West Virginia to be trained by Plaintiff and coworkers before being transferred again through interstate or international commerce.

15. Upon information and belief, SOC LLC was contracted through the United States Military to train both dogs and handlers who would be deployed overseas to, *inter alia*, Baghdad, Iraq. Because SOC LLC engages in interstate commerce and foreign commerce, it is subject to the FLSA.

16. Defendant knew or should have known that their payment practice violates the FLSA and Defendant knowingly, willfully, and/or with reckless disregard carried out their illegal pattern or practice regarding their failure to pay Plaintiffs the overtime compensation to which they were entitled.

## V.    FACTUAL BACKGROUND

17. Plaintiff, Shawn Williams, was employed by Defendant from August 31, 2015 to September 6, 2016, in Martinsburg, West Virginia. His duties included training dogs and dog handlers to detect explosive devices in war zones. Plaintiff was tasked with caring for the dogs around the clock, including but not limited to feedings, cleaning of kennels, and daily exercise, beyond his regular training duties. Plaintiff was also responsible for tracking the training progress and safety concerns relating to unsuccessful handlers or dogs every day. Compensation was solely an annual salary. Plaintiff is owed in excess of 400 hours of unpaid overtime.

18. Plaintiff, Daniel Nessim, was employed by Defendant from August 24, 2015 to January 7, 2016, in Martinsburg, West Virginia. Plaintiff was tasked with caring for the dogs around the clock, including but not limited to feedings, cleaning of kennels, and daily exercise, beyond his regular training duties. Plaintiff was also responsible for tracking the training progress and safety concerns relating to unsuccessful handlers or dogs every day. Compensation was solely an annual salary. Plaintiff is owed in excess of 400 hours of unpaid overtime.

19. For over a year Plaintiffs were required, and did, work in excess of forty (40) hours per week.

20. At all times, the job duties of Mr. Williams and Mr. Nessim while employed by Defendant were those of non-exempt employees under the FLSA. Precedent supporting the premise that an officer or dog handler should be compensated for off-duty time spent grooming,

cleaning, exercising, cleaning dog's living areas, feeding, and watering includes, but is not limited to, *Truslow v. Spotsylvania County Sheriff*, 783 F. Supp. 274, 279 (E.D.Va. 1992).

21. Plaintiffs' job duties regarding caring for the canines do not meet any of the FLSA exemptions.

22. Because Plaintiffs were non-exempt employees, Defendant was required to pay one and one-half the times the regular hourly rate of pay for the over 400 hours of clocked overtime for each Plaintiff over the span of each Plaintiff's employment.

23. However, Defendant did not compensate Plaintiffs for any of the overtime hours they worked while employed.

24. Because Plaintiffs were entitled to be paid for all hours worked, including overtime hours at one-and-one-half rate of pay, Defendant's policy and/or practice of failing to pay Plaintiffs was a clear violation of the FLSA.

## VI. JURY DEMAND

25. Plaintiffs demand a trial by jury.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays for judgment against Defendants as follows:

a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. 216(b) to all similarly situated dog trainers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs and the putative class members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Daniel Nessim and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorney's fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: *Jared Adams*

Jared Adams, Esq. (WVSB #11011)
Adams Law Firm PLLC
P.O. Box 755
Martinsburg, WV 25402
304-881-1152 (phone)
304-405-2128 (facsimile)

**ATTORNEY FOR PLAINTIFF**