# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into among Plaintiffs James Williams ("Williams") and Daniel Nessim ("Nessim") (collectively, "Plaintiffs") and Defendant SOC LLC ("Defendant").

**WHEREAS**, Plaintiffs filed an action against Defendant in the United States District Court for the Northern District of West Virginia, captioned *Williams, et al. v. SOC LLC*, Civil Action No. 3:17-cv-00092 (the "Civil Action"), alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, based on Plaintiffs' employment with Defendant and related alleged failure to pay overtime;

**WHEREAS**, Plaintiffs have been represented by The Potts Law Firm, LLP and Adams Law Firm PLLC;

**WHEREAS**, Plaintiffs and Defendant desire to settle and terminate fully and finally any and all counts of the above-mentioned Civil Action and any and all differences and disputes between them, including, but not limited to, any and all claims which were raised or could have been raised in the above-referenced Civil Action based on the facts pled in the Complaint, including, but not limited to, all matters related to Plaintiffs' compensation while employed by Defendant;

**NOW, THEREFORE,** in consideration of the mutual promises contained here, the parties hereto, intending to be legally bound, **HEREBY AGREE AS FOLLOWS:**

1. <u>Plaintiffs' Release of Claims Against Releasees</u>: Plaintiffs and their respective representatives, employees, agents, estate, heirs, successors and assigns absolutely and unconditionally hereby release, remise and discharge SOC LLC and each of its past, present and future members, parents, subsidiaries and affiliates (specifically including, but not limited to Day & Zimmermann, Inc., The Day & Zimmermann Group, Inc. and their subsidiaries and affiliates), and all of their insurers, predecessors, successors and assigns, current and/or former directors, officers, agents, employees and/or attorneys, all both individually and in their official capacities (collectively "Releasees") from any and all legally waivable claims, actions or causes of action, suits, claims, complaints, contracts, agreements, promises, liabilities torts, debts, damages, controversies, judgments, rights and demands, whether existing or contingent, known or unknown, suspected or unsuspected, under federal, state, or local law, that they now or have ever had against the Releasees at any time prior to, up to and including the date of this Agreement, that were or could have been pled in the Complaint based on the facts alleged therein, including all Fair Labor Standards Act claims related to overtime, minimum wage, or other compensation. This Release includes, but is not limited to, claims arising out of or in any way related to Plaintiffs' overtime compensation by Defendant, including, by way of example only, claims under the federal Age Discrimination in Employment Act, the Older Worker's Benefit Protection Act, Title VII of the Civil Rights Act of 1964, Section 1981 of Title 42 of the United States Code, the Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Worker Adjustment and Retraining Notification Act, the federal Family and Medical Leave Act, the federal Equal Pay Act, the Fair Labor Standards Act, the Ledbetter Fair Pay Act, any federal False Claims Act, the Sarbanes-Oxley Act, the Dodd-Frank Act (including

but not limited to claims for retaliation under the Securities Exchange Commission Whistleblower Program), the Fair Credit Reporting Act, the Genetic Information Nondiscrimination Act, the Virginia Equal Pay law, the Virginia Human Rights Act, West Virginia Human Rights Act, West Virginia Equal Pay Act, West Virginia's prohibition against discrimination for use of tobacco products, West Virginia's prohibition against discrimination for jury duty summons, West Virginia Parental Leave Act, West Virginia Minimum Wage Law, Retaliation provisions of West Virginia Workers' Compensation Act, Retaliation provision of Consumer Credit and Protection Act, or any claims in tort (including negligence) or contract (written, oral or implied) or based on any federal, state or local statutes or rules, any claims for fraud in the inducement to settle and/or execute this Agreement, and including any and all claims for overtime compensation, wages, commission, and/or bonuses based on any theory. For the avoidance of doubt, this is a complete and general release. But this release does not include any claim that, as a matter of law, cannot be released by private agreement. Plaintiffs also agree that should any person, administrative agency, organization, or other third party file, charge, claim, sue or cause or permit to be filed any civil action, administrative charge, suit, or legal proceeding against or affecting any Released Party regarding any matter covered by this Release, Plaintiffs will not accept any personal relief in such civil action, suit, or administrative or other legal proceeding. Plaintiffs, who are being advised by counsel, further acknowledge that they are not aware of any claims not released by this agreement that they may have against the Releasees or of perceived violations of any of Releasees' government contract obligations.

2. <u>Motion for Approval of the Settlement and Order of Dismissal with Prejudice</u>. In further consideration of the consideration described in Paragraph 3 below, the Parties agree to seek approval of this Agreement and dismissal of the Civil Action by unopposed motion by Plaintiffs, consistent with the terms set forth in the Agreement. If the Court denies approval and/or declines to dismiss the Civil Action with prejudice, the parties agree to negotiate in good faith over a proposed revised settlement. The dismissal will operate as a *res judicata* bar for all released claims in Paragraph 1.

3. <u>Consideration</u>. In exchange for and subject to compliance with (1) the promises and agreements made by Plaintiffs contained in this Agreement, and (2) Plaintiffs' agreement to dismiss the Civil Action with prejudice as described in Paragraph 2 above and the Court actually dismissing the Civil Action with prejudice, if approved by the Court, and Plaintiffs not revoking the Agreement, Defendant will pay individual settlements to Plaintiffs totaling $82,000 and Plaintiffs' counsel attorneys' fees and costs totaling $38,000, in the manner described below:

  A. Defendant will pay the claimed overtime damages to the Plaintiffs within two weeks after dismissal of the Civil Action as follows:

    1. Williams: (A) Payment of $30,578.50, less withholdings as compensation for overtime wages allegedly lost, to be reported on a W-2 Form; and (B) Payment of $30,578.50, from which no withholdings shall be made for alleged penalties (liquidated damages) and to be reported on a Form 1099.

    2. Nessim: (A) Payment of $10,421.50, less withholdings as compensation for overtime wages allegedly lost, to be reported on a W-2 Form; and (B) Payment of $10,421.50, from which non withholdings shall be made for alleged penalties (liquidated damages) and to be reported on a Form 1099.

  B. Subject to receipt of a W-9 Form, Defendant will pay to Plaintiffs' counsel a total of $38,000 in attorneys' fees and expenses within two weeks after dismissal of the Civil Action, to be reported on Forms 1099 issued to Plaintiffs and their counsel.

  The foregoing amounts shall be the maximum that Defendant or the Released Parties will pay pursuant to the Agreement and are inclusive of all payments necessary to implement the Agreement and dismiss the Civil Action, as attorneys' fees and costs are included within the total settlement amount of $120,000.00. Plaintiffs and their counsel are not currently aware of other lawyers or law firms that have any potential claim to any portion of the settlement or otherwise to fees/costs in this action, and Plaintiffs and their counsel will not seek additional fees/costs.

  Plaintiffs acknowledge and agree that there are no outstanding amounts of wages or fringe benefits or wage supplements, as defined in the FLSA or state laws, owed to them by any of the Released Parties. Plaintiffs further expressly acknowledge and warrant that they are, and shall be, responsible for all of their applicable federal, state, and local tax liabilities that may result from the payments described in this Paragraph 3. Plaintiffs therefore hereby warrant that the Released Parties shall bear no responsibility for any such tax liabilities, and that they will make no claim against the Released Parties with respect to or arising out of the reporting, if any, of the settlement payment to any taxing authorities.

  4. <u>No Obligations/Bona Fide Dispute</u>. Plaintiffs acknowledge that the payments and benefits described in Paragraph 3 above are not required by the Released Parties' policies, practices and/or procedures. Thus, Plaintiffs represent, warrant and agree that they are receiving consideration pursuant to this Agreement beyond that to which they are otherwise entitled and that their claimed right to any additional wages or other compensation involves a bona fide dispute. It is expressly agreed and understood that the Released Parties do not have and will not have any obligation to provide Plaintiffs at any time in the future with any payments, benefits or other considerations other than those payments recited in paragraph 3 above.

  5. <u>No Claims</u>. Plaintiffs represent and agree that they have not filed any notices, claims, complaints, charges, administrative proceedings, arbitrations, or lawsuits of any kind whatsoever against the Released Parties with any court, any governmental agency, any regulatory body or any other third party with respect to any matter related to the Released Parties, or arising out of Plaintiffs' employment with Defendant. Plaintiffs' counsel acknowledges that, as of the execution of this agreement, they have no other clients with potential claims against the Released Parties or knowledge of other individuals who have decided to bring or are contemplating bringing any claims against the Released Parties.

  6. <u>Confidentiality</u>: The Parties and their counsel affirm that they have not disclosed and each agree not to disclose (i) any information or documents shared or produced by either Party in connection with the parties' settlement negotiations, (ii) the existence, terms, or negotiation of this Agreement, and/or (iii) the amount of the Settlement Payment or other consideration as set forth herein, to any person or organization except to an immediate family member, financial consultant, accountant, tax return preparer, or attorney; as compelled to do so by valid subpoena or process; or (iv) as necessary for Releasees to make available to auditors or to government entities, including for background check inquiries. If either Party or their counsel receives a court

order or subpoena that may require disclosure of information in, or regarding, the Agreement, the Parties and their counsel agree (1) to provide notice as soon as practicable in writing of such order or subpoena to counsel for the other party; (2) to provide reasonable assistance to counsel for the other Party in responding to the order or subpoena or seeking an appropriate protective order; and (3) to provide the other Party (to the extent permissible by law) with a reasonable opportunity to protect this Agreement from disclosure or to maintain its confidentiality to the extent possible, prior to any disclosure. Each Party and their counsel recognize and acknowledge the interest to the other Party in their maintaining the confidentiality of this Agreement, as well as the negotiations leading up to this Agreement, and that neither Party would have entered into this Agreement without the other Party and their counsel having agreed to the confidentiality provisions in this Agreement. Any breach by Plaintiffs or their counsel of the obligations under Paragraph 6 of this Agreement will subject Plaintiffs to liquidated damages in the amount of 25% of the consideration paid to such Plaintiff under this Agreement, in addition to Releasees' reasonable attorneys' fees and costs in connection with such breach.

7.  **Non-Disparagement.** All requests for information from prospective employers beginning with the execution of this Agreement will be directed to Defendant's HR department and Defendant will respond in accordance with its policies to verify dates/positions. Plaintiffs will not encourage others to pursue claims against Releasees or participate in such claims and Plaintiffs will not disparage Releasees or any of their directors, officers, agents or executives or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Releasees or any of their directors, officers, agents or employees. Defendant will direct former supervisors of Plaintiffs who are still employed by Defendant to not disparage Plaintiffs or take any action which could reasonably be expected to adversely affect the personal or professional reputation of Plaintiffs. Nothing in this Agreement shall prohibit or limit Defendant or any of its employees from responding to inquiries from investigators conducting initial background or periodic investigations in connection with Plaintiffs' security clearances.

8.  **Reports to Government Entities:** Nothing in this Agreement, including the Release of Claims (Paragraph 1), Confidentiality (Paragraph 6), or Non-Disparagement (Paragraph 7) clauses, restricts or prohibits Plaintiffs from initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Plaintiffs are waiving their right to receive any individual monetary relief from Releasees resulting from such claims or conduct, regardless of whether Plaintiffs or another party has filed them, and in the event Plaintiffs obtain such monetary relief, Defendant will be entitled to an offset for the payments made pursuant to this Agreement. This Agreement does not limit Plaintiffs' right to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law. Plaintiffs do not need the prior authorization of Defendant to engage in conduct protected by this paragraph, and Plaintiffs do not need to notify Defendant that they have engaged in such conduct. Please take notice that federal law provides criminal and civil immunity to federal and state claims for trade

secret misappropriation to individuals who disclose a trade secret to their attorney, a court, or a government official in certain, confidential circumstances that are set forth at 18 U.S.C. §§ 1833(b)(1) and 1833(b)(2), related to the reporting or investigation of a suspected violation of the law, or in connection with a lawsuit for retaliation for reporting a suspected violation of the law.

9. **Effective Date.** This Agreement shall not become effective or enforceable until all parties have signed and not revoked the Agreement and the Court has dismissed the Civil Action with prejudice (the "Effective Date"). This Agreement will be void if the Civil Action is not dismissed with prejudice. This Agreement is contingent on the Court's approval.

10. **Non-Admission of Liability.** Plaintiffs and Defendant further recognize and agree that this Agreement and settlement of claims against the Released Parties is not an admission of liability on the part of the Released Parties, which liability and responsibility for damages are specifically denied, and that the Released Parties' position is that the sole purpose of this Agreement is to avoid the cost of further litigation.

11. **Non-Admissibility.** Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by Released Parties of any violation of any state, federal or local laws or regulations or any rules, regulations, criteria or standards of any regulatory body. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

12. **Entire Agreement.** This Agreement sets forth the entire agreement among the parties hereto and fully supersedes all other oral and written understandings or agreements among the parties pertaining to the subject matter of this Agreement. No modification, revision, addition to, or alteration of this Agreement will be binding unless in writing and signed by Plaintiffs and Defendant.

13. **No Representation.** Plaintiffs represent and acknowledge that in executing this Agreement they do not rely upon and have not relied on any representation or statement by any of the Released Parties or by any of the Released Parties' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

14. **No Assignment.** Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, and Plaintiffs agree to indemnify, defend and hold harmless each and all of the Released Parties against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein. Plaintiffs acknowledge that Defendant may assign its rights under this Agreement.

15. **Execution of Counterparts.** The parties agree that this Agreement may be executed in separate counterparts, facsimile signatures or other reliable electronically copied signatures shall be treated as original signatures, and that such counterparts, taken together, shall constitute one and the same complete Agreement.

16. **Severability.** The parties agree that if any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications

5

of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by Plaintiffs above is illegal, void, or unenforceable, Plaintiffs will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

17. **Governing Law.** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Virginia, both in its procedural and substantive aspects. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

18. **Binding Effect.** This Agreement shall be binding upon Plaintiffs and upon their dependents, heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of the Released Parties.

19. **Agreement By All Plaintiffs.** This Agreement is conditioned on the approval by each of the Plaintiffs. If either Plaintiff declines to approve and execute the Agreement, this Agreement is then void, but the parties agree to work in good faith to evaluate the possibility for a new settlement agreement applicable to the remaining Plaintiff.

20. **Time for Signing, Review by Counsel and Revocation.** Plaintiffs each have twenty-one (21) calendar days from receipt of this Agreement to consider it and consult with an attorney of their choice before signing and returning it. Defendant advised Plaintiffs to consult with their attorneys before signing this agreement, and they have done so. The Parties agree that any changes to the Agreement that may be negotiated between Plaintiffs or Plaintiffs' attorneys and Defendant, whether material or immaterial, will not restart the time Plaintiffs have to consider and sign this Agreement. Plaintiffs understand that they may sign and return the Agreement at any time before the expiration of the 21-day period. Plaintiffs further understand that they can revoke their acceptance of this Agreement, in writing, for a period of seven (7) calendar days after they sign the Agreement. Any revocation must be in writing and received by Defendant's human resources department within seven (7) calendar days of signing. In signing this agreement, Plaintiffs acknowledge that they were given at least 21 days in which to consider the agreement, and had a 7-day revocation period under the ADEA/OWBPA and Section 77-6-1.1 – 77-6-8.1 of West Virginia's Human Rights Commission Bias Rules. If this Agreement and Release is revoked, however, Plaintiffs will not be entitled to any of the benefits described in the consideration paragraph of this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiffs, and Defendant hereby execute the foregoing Agreement.

PLAINTIFF JAMES WILLIAMS

_[signature]_   Date: 27 Aug 2018

PLAINTIFF DANIEL NESSIM

_____   Date: _____

THE POTTS LAW FIRM, LLP (as to their commitments in paragraphs 5 and 6)

_[signature]_   Date: 9/4/18
Andrew A. Woellner
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
*Attorneys for Plaintiffs*
The Potts Law Firm, LLP and Adams Law Firm PLLC

ADAMS LAW FIRM PLLC (as to their commitments in paragraphs 5 and 6)

_[signature]_   Date: 9-5-18
Jared Adams
Adams Law Firm PLLC
126 East Burke Street
Martinsburg, WV 25401
*Attorneys for Plaintiffs*

DEFENDANT SOC LLC

By: Mike Jenkins   Date: 9/11/18
Title: VP International Programs

7

IN WITNESS WHEREOF, and intending to be legally bound hereby, Plaintiffs, and Defendant hereby execute the foregoing Agreement.

**PLAINTIFF JAMES WILLIAMS**

_____    Date: _____

**PLAINTIFF DANIEL NESSIM**

_/s/ Daniel Nessim_____    Date: 8/24/18

**THE POTTS LAW FIRM, LLP** (as to their commitments in paragraphs 5 and 6)

_____    Date: _____
Andrew A. Woellner
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
*Attorneys for Plaintiffs*
The Potts Law Firm, LLP and Adams Law Firm PLLC

**ADAMS LAW FIRM PLLC** (as to their commitments in paragraphs 5 and 6)

_____    Date: _____
Jared Adams
Adams Law Firm PLLC
126 East Burke Street
Martinsburg, WV 25401
*Attorneys for Plaintiffs*

**DEFENDANT SOC LLC**

By: _Mike Jenkins_____    Date: 9/11/18
Title: _VP International Programs_

7

Scanned with CamScanner