# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| JAMES WILLIAMS and DANIEL NESSIM, on behalf of themselves and all others, | |
| Plaintiffs, | Civil Action No. 3:17-CV-92 (Chief Judge Groh) |
| v. | |
| SOC LLC, doing business as SOC West Virginia LLC doing business as Day and Zimmerman Federal Services, | |
| Defendant. | |

## ORDER APPROVING FLSA SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE

Before the Court is Plaintiffs' Unopposed Motion for Approval of Settlement. After having fully and carefully reviewed the parties' submissions, the Court hereby finds, for good cause shown, that the Settlement Agreement and Release (the "Agreement") was negotiated at arm's length by the parties, and that Agreement is a fair and reasonable resolution of a bona fide dispute in contested litigation, and **ORDERS** and **ADJUDGES** that the motion is **GRANTED** and the Agreement is **APPROVED**.

1. The standard for approval of a settlement brought under the Fair Labor Standards Act ("FLSA") is that the settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In this case, there can be no doubt that this settlement resolves a bona fide dispute and is fair and reasonable to all parties. The Agreement is **APPROVED** as a fair and reasonable resolution of a bona fide dispute in this contested litigation.

2. Moreover, the settlement payments set forth in the Agreement are **APPROVED** as a fair, equitable, and reasonable.

3. The Court further awards The Potts Law Firm, LLP and Adams Law Firm PLLC their requested attorneys' fees as well as their requested expenses as set forth in the Settlement Agreement.

4. There has been no determination by any Court as to the merits of the claims asserted by Plaintiffs against Defendant or any of the Releasees (as defined in the Settlement Agreement). Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible or cited in any other proceeding as evidence: (a) of an adjudication of the merits of this case; (b) that any party has prevailed in this case; or (c) that the Releasees (as defined in the Settlement Agreement) have engaged in any wrongdoing.

5. Plaintiffs are hereby deemed to have released all Released Claims against all Releasees as set forth in the Settlement Agreement.

6. This action is hereby dismissed in its entirety as against Defendant with prejudice, and without attorneys' fees or costs to any party except as provided in this Order and Judgment and in the Agreement. This Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

Sept 17, 2018
Date

Chief Judge Gina M. Groh
United States District Judge

2